## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## at LEXINGTON

**Civil Action No. 11-325-HRW**

**DORSEY MCWILLIAMS,**                                    **PLAINTIFF,**

**v.**               **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**               **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on April 2, 2009 and his application for supplemental security income benefits on April 1, 2009, alleging disability beginning on January 1, 2006, due to "neck problems [and] back problems " (Tr. 185). These applications were denied

initially and on reconsideration.

On September 28, 2010, an administrative hearing was conducted by

Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified.  At the hearing, Martha Goss, a vocational

expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

> Step 1:  If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2:  If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3:  If the claimant is not performing substantial gainful work and has a severe  impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On November 18, 2010, the ALJ issued his decision finding that Plaintiff was not disabled.

Plaintiff was 47 years old at the time of the hearing decision (Tr. 180).   He has a GED and has worked as a delivery driver, building maintenance worker and auto body repairman (Tr. 10, 186).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since  the alleged onset date of disability (Tr. 60).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic neck pain status post anterior cervical disectomy and fusion of the C4 through C7 levels, chronic low back pain secondary to degenerative disc of the lumbar spine with disc protrusion at L1-L2 and L5-S1 and disc bulges at the L2 through L5 levels status post surgery in 1991, which he found to be "severe" within the meaning of the Regulations (Tr. 61-62).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 62-64).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 66).   The ALJ then found that Plaintiff had the residual functional

3

capacity ("RFC") to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) (Tr. 64-66). He could perform light and sedentary work with no climbing of ropes, ladders, or scaffolds; occasional climbing of stairs or ramps; no work requiring frequent movement of the head; no work with hands over the head; occasional stooping, kneeling, crouching, or crawling; and no exposure to concentrated vibration (Tr. 64).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 66-67).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on May 24, 2011.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment.

### III. ANALYSIS

#### A.   Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B.   Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly discounted the opinion of Plaintiff's treating physician, James Henderson, M.D.; (2) the ALJ improperly evaluated Plaintiff's subjective complaints and (3) the ALJ failed to consider Plaintiff's impairments in combination.

5

## C.     Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly discounted the opinion of Plaintiff's treating physician, James Henderson, M.D.   However, Plaintiff does not identify any specific opinions articulated by Dr. Henderson or express limitations imposed upon him by Dr. Henderson.

The United States Court of Appeals for the Sixth Circuit has

> decline[d] to formulate arguments on [a claimant's] behalf, or to undertake an open-ended review of the entirety of the administrative record to determine (i) whether it might contain evidence that arguably is inconsistent with the Commissioner's decision, and (ii) if so, whether the Commissioner sufficiently accounted for this evidence. Rather, we limit our consideration to the particular points that [a claimant] appears to raise in [his /her] brief on appeal.

*Hollon ex rel. Hollan v. Commissioner of Social Security*, 447 F.3d 477, 491 (6th Cir. 2006).  In *Hollan*, the court also refused to consider claimant's generalized arguments regarding the physician's opinions of record:

> [Claimant] has failed to cite any specific opinion that the ALJ purportedly disregarded or discounted, much less suggest how such an opinion might be impermissibly inconsistent with the ALJ's findings.   In the absence of any such focused challenge, we decline to broadly scrutinize any and all treating physician opinions in the

> record to ensure that they are properly accounted for in
> the ALJ's decision.

*Id. See also, McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) ( " '

[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived. It is not sufficient for a party to

mention a possible argument in the most skeletal way, leaving the court to ... put

flesh on its bones.'") (citations omitted); *United States v. Phibbs*, 999 F.2d 1053,

1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's

arguments").

Nonetheless, the Court has reviewed the hearing decision and the record and

finds no error in the ALJ's consideration of the treatment records of Dr.

Henderson and his rejection of his 2006 statement of total disability. The ALJ was

correct in disregarding this conclusory remark. It is within the province of the

ALJ to make the legal determination of disability. The ALJ is not bound by a

treating physician's conclusory statement, particularly where the ALJ determines,

as he did in this case, where these is medical proof that Plaintiff retains the RFC to

work in some capacity other than her past work.   *See King v. Heckler*, 742 F.2d

968, 973 (6th Cir. 1984).

Plaintiff's second claim of error is that the ALJ improperly evaluated

7

Plaintiff's subjective complaints.   Again, Plaintiff fails to set forth argument in

support of this claim of error.   Notwithstanding that Plaintiff has not adequately

 presented this claim, the Court, having reviewed the record, finds that the ALJ did

not err in discounting Plaintiff's credibility.

It is well established that as the "ALJ has the opportunity to observe the

demeanor of a witness, his conclusions with respect  to credibility should not be

discarded lightly and should be accorded deference." *Hardaway v. Secretary of*

*Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).  In this case, the

ALJ found Plaintiff's statements as to the intensity, persistence and limiting

effects of his symptoms were "not credible" (Tr. 65). Subjective claims of

disabling pain must be supported by objective medical evidence. *Duncan v.*

*Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan*

muster.   The medical evidence of record contains mild to moderate findings and

no suggestion of an impairment or impairments which would preclude all work

activity.

Further, as the ALJ noted, Plaintiff's testimony and evidence in the record

of her daily activities undermines Dr. Rollins' opinion of disability. The Sixth

Circuit Court of Appeals has stated that "[a]n ALJ may consider household and

8

social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Plaintiff also maintains that the ALJ did not consider the combined effects of Plaintiff's impairments.

A review of the hearing decision reveals that the ALJ considered Plaintiff's impairments in combination at various stages in his evaluation.   The ALJ discussed Plaintiff's impairments, both physical and mental, both severe and non-severe , at Step 3 of the sequential evaluation process, and specified that he considered the same, alone and "in combination" (Tr. 61-65).   Such articulations have been found to be sufficient upon review. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).  Indeed, the Sixth Circuit Court of Appeals stated in *Loy v. Secretary of Health and Human Services*, "[a]n ALJ's individual discussion of multiple impairments does not imply that he failed to consider the effect of the impairments in combination, where the ALJ specifically refers to a 'combination of impairments' in finding that the plaintiff does not meet the listings." *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990).  The Court finds that the ALJ's approach in this case passes *Gooch* and *Loy* muster and that Plaintiff's argument in this regard is

9

without merit.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 3rd day of May, 2012.



Henry R. Wilhoit, Jr., Senior Judge